Argued and submitted April 7, 1986, appeal dismissed and cross-appeal affirmed
April 1, 1987

In the Matter of the Marriage of

GROSSE'

*Appellant - Cross-Respondent,*

*and*

GROSSE'

*Respondent - Cross-Appellant.*

(D7910-67825; CA A35917)

734 P2d 900

Deborah L. Le Meitour, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Gerald Chase, Portland, argued the cause and filed the briefs for respondent - cross-appellant.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Mother appeals an order which modified the parties' dissolution judgment by reducing father's child support payment. Alternatively, she contends that the court erred by not granting her motion to set aside the part of the order that reduced child support. Father cross-appeals, arguing that the court erred in setting aside other parts of the order. We conclude that a portion of the appeal is not taken from a final appealable order and accordingly dismiss that part of the appeal. We also dismiss the balance of the appeal and affirm on the cross-appeal.

The judgment, entered in May, 1980, awarded custody of the parties' children, a daughter and a son, to wife and required father to pay $175 per month for each child. In January, 1982, the parties stipulated to a change of custody of their daughter to father. Support payments of $175 per month were still to be made to mother on behalf of the son.

Between 1982 and 1985, father was in arrears in his child support obligation, and the Support Enforcement Division obtained a wage garnishment in 1983. In March, 1985, father filed a motion, requesting three forms of relief: (1) reduction in his child support obligation, (2) a credit against the support obligation and (3) an order lifting the garnishment. A deputy district attorney had been representing mother only for the collection of child support arrearages. Although father's counsel had been negotiating with the deputy involved, he did not serve her with the motion or otherwise notify her of the hearing. The court granted father's motion in its entirety on April 15, 1985.

On April 17, 1985, two days after the order was signed, the deputy district attorney wrote a letter to father's counsel, saying that she had requested that the court hear a motion to set aside the order, because she had not been notified of the hearing. Father appeared at the hearing with counsel the next day. The court set aside the portions of the order regarding the support credit and the wage assignment but left intact the provision reducing child support and ordered a new hearing on the parts of the order that were set aside.

The order setting aside two of the three parts of the modification order was entered May 6, 1985. Mother filed a

notice of appeal on May 15, from the original April 15 order modifying the decree, as well as from the May 6 order setting aside part of the April 15 order. The new hearing on the portions that the court had set aside was held after mother had filed her notice of appeal. The court, after that hearing, denied father a credit against child support and allowed the garnishment to stand. An order to that effect was entered on May 16, 1985. Father filed a notice of cross-appeal on May 24, 1985, after the second hearing. He appealed, however, only from the May 6 order setting aside the original modification order; he did not appeal from the May 16 order.

■ The threshold questions are whether mother has appealed from an appealable order and, if she has, what relief we can grant on appeal. When she filed her notice of appeal, the original modification order had been partly set aside. Although only one of its three parts had been left intact, the order was not appealable, because all of the claims made by father in his motion had not been disposed of; a new hearing had been scheduled, but the claims had not been resolved. Consequently, mother's appeal, insofar as it relates to the original order of April 15, 1985, is dismissed.

■ Mother also appealed from the May 6 order setting aside the April 15 order and granting a new trial. Although the denial of a motion to set aside a judgment is not appealable, ORS 19.010(2)(d) provides that an order setting aside a judgment and granting a new trial is appealable. The statute does not restrict the right of appeal from such an order to a particular party; "any party," whether proponent or opponent of the motion, may appeal. *See* ORS 19.020. Consequently, we conclude that mother properly *appealed* from the order setting aside the judgment in part and granting a new trial. If, however, a court sets aside part of the judgment and either party appeals, there is a question whether the refusal of the court to set aside the part of the judgment left intact is *reviewable*. We conclude that it is not. The denial of mother's motion to set aside the decrease in child support would be reviewable as part of a final order disposing of father's motion following the new hearing. Mother's appeal is dismissed.

■ We now address father's cross-appeal. He timely filed his notice of cross-appeal from the May 6 order setting aside parts of the modification. ORS 19.026(3). Mother contends

that father's cross-appeal is moot because, at the time when he filed his cross-appeal, the court had already held a new hearing and entered an order rejecting his claim for credit and reinstating the garnishment. Essentially, mother argues that, because the last order disposes of the issues adversely to father, he must appeal from that order rather than attack the order setting aside the original modification. When mother filed her notice of appeal, the trial court lost jurisdiction of the cause, that is, father's motion. ORS 19.033(1); *Ellis v. Roberts,* 302 Or 6, 725 P2d 886 (1986). It follows that the court lacked jurisdiction to hold the second hearing or to issue the last order. The May 16 order was not a valid final order from which father could have appealed.

■    Father's cross-appeal was from an order setting aside a previous order and granting a new hearing. As we have indicated above, ORS 19.010(2)(d) provides that an order setting aside a judgment and granting a new trial is appealable. Father argues that the court should not have set aside any part of the original modification order. He first contends that neither mother nor the deputy district attorney filed a written motion to set aside the order. Father's counsel, however, received the letter from the deputy notifying him of the hearing on her motion to set aside the order; he and father appeared, and the deputy district attorney made an oral motion. Father did not object to the proceedings and participated fully. Under the circumstances, he was not prejudiced by the lack of a written motion.

■    We conclude that the court did not abuse its discretion in setting aside part of the April 15 order. Father's counsel agreed that the deputy district attorney had not been served with the motion or otherwise notified of the hearing. The issues of support arrearages and garnishment were matters about which the deputy and father's counsel had been negotiating, and father's counsel was aware that the deputy represented mother on those matters.

The original order entered April 15, 1985, was final until a portion of it was set aside by the order of May 6 and set down for a new hearing. The order of April 15, 1985, is not final, not appealable and not, at this juncture, enforceable. The order setting aside the other order and granting a new hearing was final for purposes of appeal. The part of the May 6

order appealed by mother is not reviewable, and her appeal is dismissed. Father properly cross-appealed the May 6 order, and we affirm the order challenged by him. The order entered after the new hearing is void, because the court had lost jurisdiction when mother filed her notice of appeal. The activity remaining to be had in this case is a new hearing on the two parts of the original order that the court had set aside and the entry of a final order disposing of those issues.

Appeal dismissed; cross-appeal affirmed. No costs to either party.